## J. A. Linvill v. James McDowell et al.

1. APPEAL BOND—*when surety upon, not estopped to deny existence of judgment.* Where in the case appealed the obligee has appeared in court, asserted that he had obtained no judgment and caused thereby the appeal to be dismissed, the sureties upon the appeal bond are not thereafter estopped to deny the existence of the judgment recited in the bond given by them.

Action commenced before justice of the peace. Appeal from the Circuit Court of Moultrie County; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the November term, 1905. Affirmed. Opinion filed June 8, 1906.

E. J. MILLER and C. S. EDWARDS, for appellant.

SENTEL & WHITFIELD, for appellees.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

James McDowell, A. H. Miller and W. K. Whitfield, the appellees, gave an appeal bond to J. A. Linvill, appellant, in the sum of $410 conditioned that, whereas the said Linvill did on the 19th day of November, 1904, before a justice of the peace recover a judgment against said McDowell for the sum of $200 and costs, said McDowell would prosecute his appeal with effect, and pay whatever judgment would be rendered against him by the Circuit Court of Moultrie County upon the trial of said appeal, or in case the appeal was dismissed, would pay the judgment rendered against him by said justice of the peace.

Linvill brought suit upon said bond to the September term, 1905, of the Circuit Court of said Moultrie county, against said McDowell, as principal, and Miller and Whitfield as his sureties.

The only question involved in the case is presented by the ruling of the court upon the fourth plea offered by appellees. Such fourth plea sets up in substance that at the March term, 1905, of the said Circuit Court, the plaintiff therein (appellant here) appeared in said Circuit Court and entered his motion to dismiss the appeal taken under the bond sued on, for the reason that no judgment had been rendered in the court below against McDowell, and then and there, in support of his motion to dismiss, presented to the said Circuit Court a transcript from the justice of the peace showing to the court that the said Linvill had obtained no judgment before the justice of the peace from which the appeal could have been taken, which motion was then and there allowed by the court and the appealed suit dismissed upon the motion of Linvill; and the said appeal was not dismissed because of the failure of McDowell to prosecute his appeal with effect, and alleging that said Linvill, by his action in so having said appeal dismissed

upon his own motion, was estopped from now claiming in a suit upon the appeal bond that the signers thereof were in default for having failed to prosecute said suit with effect or for a failure to pay such judgment before the justice of the peace, because of the dismissal of the appeal.

A demurrer was filed by appellant to said fourth plea which the court overruled. Appellant elected to stand by his demurrer, whereupon the court rendered judgment against him for costs, and this appeal followed.

Appellant claims that appellees are estopped by the recital in their appeal bond from now alleging that there was no judgment before the justice of the peace, while appellees contend that appellant is estopped by his action in court, when this same bond was involved, from now saying that there was a judgment before the justice of the peace or setting up the order of dismissal to enable him to hold appellees to the payment of the judgment before the justice of the peace.

If the question was before us upon the single proposition that appellees can not be heard to say that there was no judgment before the justice of the peace, after having given an appeal bond in which they had expressly recited that there was such a judgment, we would have no hesitancy in denying them the right to say that there was no such judgment; but as the record is now presented that question is not in the case. While appellant once had the right to insist upon that estoppel, he is now, by his subsequent conduct in open court upon which the court took action, estopped from setting up the former estoppel.

According to the terms of the plea involved appellant appeared before the Circuit Court in the appealed suit and upon his own motion asked to have the appeal dismissed, which said court allowed upon the express statement and showing then made by the appellant that he had never recovered any judgment before the justice of the peace. This was a *judicial admission* made, and judicial action had, subsequent to the making of the bond, which must be conclusive. In other words, since appellant has appeared

in court and *induced action by the court*, and prevented a trial, perhaps, of the appealed suit, upon his express statement that he had no judgment, he cannot now be allowed to ask the court for different action upon the same state of facts, which action would be wholly inconsistent with that which he had previously procured from the court.

In Lowry v. Erwin (La.), 39 Amer. Dec. 557, it was held that a party cannot depart from a record under which he avows he claims and relies. In Hodges v. Winston (Ala.), 36 Amer. St. Rep. 241, it was held that a party having obtained a substantial advantage by taking and successfully maintaining a position that the lands in question constituted a homestead was thereby estopped from claiming on the same state of evidence that they were not a homestead.

In the case of Taylor v. Crook, 136 Ala. 356, the court held the same doctrine. There, on an appeal to review a decree, the appellee induced the court to dismiss an appeal, because the decree was not final, and the court would not, after that conduct, permit him to say that the decree was final; that is, the court would not allow him to say on one trial that a decree was not final and on another hearing of the same cause to say that it was final.

Here, in the case at bar, appellant seeks to hold appellees liable, because their bond was final upon the question involved, which position is wholly at variance with their position when they say the bond was not final and they wished to dismiss the appeal, because no judgment was rendered before the justice of the peace.

Under the head of judicial admissions, the writer of the Amer. & Eng. Ency., 2nd ed., vol. 11, page 447, says: "It seems to be the general rule that an admission made in open court or in the course of pleading, whether in express terms, or by omitting to traverse what has been alleged, must be taken as conclusive for all purposes of the cause, whether the facts relate to the parties or to third persons." In substance the same doctrine is announced in Miller v. Asheville, 112 N. Car. 759.

To allow appellant to dismiss the appeal upon his own motion and upon the express ground that he had never obtained any judgment under which a bond could be given, and afterwards to recover upon such bond upon the ground that the appeal had been so dismissed, would be, in our judgment, a species of fraud which no court could sanction.

The judgment was right and is affirmed.

*Affirmed.*